CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKo
JUL 1 2 2013
JULIA C. DUDLEY, CLERK
BY: HMcDonaOo
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH VALENTINE AWE, **Plaintiff,** | ) ) ) | Civil Action No. 7:12-cv-00546 |
| v. | ) ) | **MEMORANDUM OPINION** |
| VIRGINIA DEPTARTMENT OF CORRECTIONS, <u>et al.</u>, **Defendants.** | ) ) ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |

Kenneth Valentine Awe, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Virginia Department of Corrections ("VDOC") and four of its employees as defendants. This matter is before me for screening, pursuant to 28 U.S.C. § 1915 and § 1915A. After reviewing plaintiff's submissions, I dismiss the claims against the VDOC and terminate it as a defendant.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions...." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The VDOC, as a department of the Commonwealth of Virginia, is not a "person" subject to a § 1983 action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating that states and governmental entities that are considered arms of the state are not "persons" under § 1983). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted against the VDOC, and the VDOC is terminated as a defendant. Plaintiff's claims against the four VDOC employees remains pending.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER**: This 12th day of July, 2013.

/s/ Jackson L. Kiser
Senior United States District Judge